So the court is deeply grateful for all your assistance. United States of America versus, oh, I'm sorry, 21-11180, Raskin v. Dallas Independent School District. Ms. Raskin, you get to go first. No pressure, take your time. Did they explain the lighting system to you a little bit? The green light means everything's great, then yellow means you've got two minutes left, and then red at that point will just wrap up your last answer. I'm honored and frankly excited to stand before you today, and maybe a little bit nervous as well. Federal court is a unique court that plays such a large role to safeguard our liberties. As the federal courts are appointed and not elected, you have the unique ability to make true constitutional decisions without the pressure of social ideologies and current politics that could infringe upon personal liberties. Sadly, health and the ability to parent have become under fire by some social and political ideologies as of late. History is littered with examples of classes of people who were not given civil liberties and had to fight for them. Race and gender, of course, would be the largest. It took generations for someone to fight for those classes in order for them to receive their due rights. If our children are too young to legally fight for themselves, who better to fight for our children than their parents? As the honorable court is fully aware, our court system was set up so that any citizen could represent themselves in court. There was never a requirement for a citizen to have to be an attorney. And with this in mind, how can children protect their own civil liberties if not old enough to represent themselves in court? Slaves were considered property of their owner and therefore not due constitutional rights when women were property of their husbands and not given equal rights. Are children property of the government and thus not afforded their own rights? If not, how can a child protect their constitutional rights if they're too young to go to court and their parents aren't allowed to represent them? Can only families that can afford an attorney protect their children's civil liberties? Further, our children may not be old enough to understand how to fight for their personal liberties and health rights. We as parents are charged with doing this in every other aspect of their lives. So why not in court? Why should I have to hire an attorney or become one in order to protect what is most precious to me, the lives that my husband and I have created? There are, of course, several reasons that a parent may choose to represent their children in court instead of hiring an attorney. Of course, hiring an attorney is costly and can put financial stress on any family. In addition, at a time of social pressures, it can be difficult for a person to find an attorney willing to stand up against current political ideology. A parent may also believe that there is nobody else as well-suited as themselves to defend the civil liberties of their offspring. It's important to set a precedent that a parent can access the courts on behalf of their children. COVID hit our family very hard financially. My husband lost his dream job, and then we were required to pay for a lot of expenses for our children due to the COVID disruptions. I felt compelled to do something about these draconian measures, and I do not believe that I should be prohibited from representing my children in court just because I'm not an attorney. Hiring counsel would have taken money away from what we were allocating to schooling and therapy, and I did join a class-action lawsuit in Texas, but I didn't personally pay for that lawsuit. This is a good thing because that attorney took tens of thousands of dollars, and nothing has ever happened with those cases. Every choice that I make, I make with my children's best interest in mind. Intention is everything, and this case has helped to empower me at a time when I felt like my rights were being eroded from every direction. I hope that the court can see that this is true and that I am capable of making an argument in front of the court on my children's behalf. If I can't stand up for my children, there is no recourse for the school district to begin masking the children again or force them into some other medical procedure. This isn't the same as a monetary issue like Social Security benefits. When there is a risk of harm, there should always be choice. A minor child cannot fight for their own liberties in court, and if that child waited till they were 18 years old, they would have suffered for years in the meantime, experiencing side effects that are still being determined. We are not slaves to the school board or the CDC. Our family values are sacred. We don't have rights if the government is able to supersede our sacred family values. Our children are subject to government intrusion more than almost any adult. They have no way to escape with the government oversight and intrusion if they receive a public education, and private schools are heavily influenced by the decisions of public schools and the decisions of the county judge, or at least they were for COVID policies. Any kind of medical intervention can have a negative detriment or detrimental effects, and therefore every kind of medical intervention should be left to the family, because in the end, it is the family that has to deal with the repercussions, not the government. The government doesn't hold my child when they are not feeling well, or cheer them up when they are down. Mandating and enforcing masks was the start of a slippery slope. It was followed by social distancing, contact tracing, and now the CDC is recommending an experimental vaccine for children to go to school. Our personal physician never recommended our children wear a mask, and my own extensive research reading peer-reviewed studies led me to the same conclusion. I do not believe the government should be able to supersede a parent and that parent's chosen medical professionals. Does one parent's fear negate another parent's liberty? When is it constitutional to take away liberty based on the fear of others? We know that fear has been used as a means of control for many decades, if not centuries. Will we continue to allow fear to dictate personal liberties? As a practicing Jew, the entire COVID period has been eerily familiar to me. I grew up listening to stories and lessons learned from the Holocaust. I learned that people were segregated based on race and beliefs and that neighbors were asked to turn people in for practicing those beliefs. This is what was going on in the schools. I was taught to never forget and always stand up for those who were being discriminated against. I am so grateful and humbled for this opportunity to speak to you today. It is giving me a sense of empowerment to be able to stand up for my children when no one else would or could. I feel that by being here in court today, I am giving a voice to those too young to speak up to protect themselves. And I hope that my children will one day look back and tell their own children how their mothers stood up for their rights and the rights of all children. Terrific. In your mind, do you think, would you have preferred an option where a judge could have appointed a second counsel to be at your side for legal issues? Or in your mind, is the issue that you're trying to vindicate your personal right to represent the children regardless of whether cost was a factor or not? I think that it's important for a parent to represent their child regardless of the cost. I think the cost is a big deal, but in the end, I had mentioned before, it was very difficult to find people in the crux of all this who were like-minded and willing to fight. Wonderful. Ms. Raskin, is she saving any rebuttal time? Probably not. Wonderful. We'll hear from your co-counsel. May it please the Court, and good afternoon. The Court has directed me to address a question on Ms. Raskin's behalf, and that is, outside of the social security context, may a non-attorney parent represent their child pro se in federal court? And generally speaking, the answer to that question is no. But that rule, sometimes called the counsel mandate, is, in the words of the Second Circuit, not quite as absolute as it may seem, and should be applied gingerly. The District Court here didn't apply the rule so gingerly. The District Court, sua sponte, dismissed Ms. Raskin's claims as soon as it knew or discovered that she was unrepresented by counsel. And in that way, the District Court said, as it basically must under the counsel mandate, that there's a lack of Article III standing, and therefore the case has to be dismissed. The dismissal there is interesting because it's premised on an underlying assumption that the dismissal without prejudice is the way to preserve the child's claims. The counsel mandate is, to be sure, it has a good goal in mind, that is, protect the child's claims. But it does that by an overarching assumption that dismissal is going to be the correct path in every single case. Would it have mattered if Judge Lindsay had appointed a guardian ad litem, a lawyer?  Would she have accepted it? I'm sorry, Your Honor? Did you seek an ad litem appointment? To my knowledge, she did not seek it. Correct. Thank you for taking on this assignment. And you did a fine job of presenting your papers. Thank you. Appreciate that. To my knowledge, she did not seek any sort of guardian. There's nothing in the record that shows that. And I would say that is another issue with the counsel mandate, in that the District Court doesn't have to actually make any findings. There's nothing in the record to support really anything other than the District Court saw there's no counsel involved, and therefore dismissed the claim. And that, in my reading of it, goes against Rule 17. Go ahead. No, no, no. My question is, really, would it have mattered if he didn't go forward and say I appointed a guardian ad litem for him? In other words, I got the impression that she did not want a lawyer. She had a lawyer, and she didn't want another lawyer appointed. In other words, she wanted to debate the argument. I'm not trying to... I won't get clear what the picture is. And I understand that from the briefing, that that is the case, that there was a lawyer involved at some point, and later was not. I think, in my mind, that issue is one, and Ms. Raskin just addressed that. That's an issue that the District Court, I think, should take up under a, whether it's the factors that I presented to the Court, or some sort of analysis under Rule 17c to say what is in the best interest of the child. It does seem to me everybody is trying to craft a rule that's in the best interest of the children, but people have very legitimate, different views on that. So, and there's quite a bit of scholarship. I was startled to see so many circuits have published authority, but we don't, so we have some freedom here. Starting with your source for the multi-factor test, where do you base that? Because I sort of start with 1654, but I don't see the language of 1654 being open to a multi-factor test at all. You've got to jump to 1915 and 17. But do you agree with me that the starting point, textually, is the statute? I think that makes sense, Your Honor. I sort of amalgamated, if you will, the factors Courts use to appoint counsel, because I thought that made sense, along with this Court's factors from Harris v. Apfel, which apply, which carve out the social security exception to the counsel mandate. I sort of took from both of those sources, because I think what this Court, and you're absolutely right, Judge Higginson, that across the board, most circuits, though not necessarily all, have applied the counsel mandate. And this Court, in my mind, along with the Second Circuit, have been the two on the leading edge, if you will, of carving out, for instance, the social security exception, which I think makes a ton of sense. Although that's slightly statute-specific. In 1650, what's the exact language of 1654? 1654... I don't have the exact language in front of me, but I agree that it is statute-specific to the extent that Congress has given parents the ability to bring claims to the Social Security Commission. Right. But the statute, the default, I think you'd say, the Judiciary Act is one that favors pro se representation, but it limits it to what? One's own cases. So then why? I guess the question is, where do we look to discern what category of people their own cases might embrace others, such as parents and children? I think I'm with you, Your Honor. If you look at the Judiciary Act, it makes no distinction between children and adults. It simply says people have the right to represent themselves pro se. What is sort of interesting, and Dallas ISD briefs this issue and other courts have looked at it, is, for instance, Dallas ISD takes the position, well, the Judiciary Act applies to children because it doesn't say that it doesn't. By its plain language, it applies to anybody. But they say, well, children don't have a true choice. They're entitled to represent themselves pro se, but they legally can't. And they can't waive counsel, so at the end of the day, their only choice is to make sure their parents retain counsel. And so I think when you're looking at a carve-out, I mean, in my mind, Your Honor, it has to be some sort of analysis that allows the district court to look at Rule 17C and make some determination about what's in the best interest. How would you articulate your urging that a standard or a metric or a pathway that bring the flexibility that you urge? In other words, that we now have some flexibility in dealing with particular situations, including allowing a parent to represent their children. So in the brief, Your Honor, I laid out, you know, what I came up with was four factors that look at why is the parent proceeding pro se? Is it because of financial reasons? Is it because of deeply held beliefs? That would be one set. Another factor would be how complicated is the case? Is this a case that truly needs an attorney? Because I think, quite frankly, some will not. Most will, perhaps. But there are going to be cases that are simple enough and the parent is sophisticated enough that they can bring the claim. And then you could look at, for instance, the district court has the ability to appoint a magistrate to help guide discovery even in slightly more complicated cases. In my mind, those are the things the court would look at. Part of my anxiety with that judicially created rule is, number one, it isn't described in 1654. But bear with me. My background is more in the criminal law world. And some version of this did appear in a case called Betz v. Brady. But it makes it extremely difficult. Do district judges then have to issue long opinions on each of these factors and then we would be reviewing them for the complexity point or the indigency point or the likelihood of success point? Isn't that a lot more than just saying 1654 says own cases for parents that includes children and then if you need a protective background, you could revert to rule 17 and have standby if a parent is struggling. I think the problem... May I? In fact, could I add five minutes to each side? Thanks. Because Judge Oldham hasn't had a chance to ask a single question. I know he's got some. I think, Your Honor, number one, yes, the district court would make findings under my suggestion in that they would say, okay, why is the parent proceeding pro se or why do they want to go through the list of whatever the factors the court comes up with that could be reviewed? That, to me, is no different, frankly, than Dallas ISD's suggestion, which is well, the parent can seek representation and seek or ask the court to appoint counsel. Well, that's a list of factors there that's very similar to the ones I proposed and the court can then still take it upon review. Last question then. What if a district court says, I've considered all of them denied? Then I think the district court has the discretion to... So we would be affirming those orders. I've considered all the factors and no. Assuming that the district court was within its discretion, then that's a ruling that it could make. My concern, quite frankly, Your Honor, is that the counsel mandate is a one-size-fits-all. And if you take this case as a good example, if I may, of dismissal without prejudice can preserve a child's claims and protect them, but in this case, for instance, Ms. Raskin is alleging an ongoing statutory or constitutional deprivation. And in those cases, dismissal actually works the opposite. It works to the favor of the alleged wrongdoer because now the child is out of court, the wrong is continuing, and there's no remedy, at least in federal court. And so, even though the factors would potentially... The district court could still get there and say, no, I'm not going to let you proceed pro se. That's possible, and I think that squares it with the Judiciary Act. But it also gives some leeway to district courts to empower them in cases where the claim will disappear if it's not brought by the parent. Maybe the parent can't afford counsel. This claim will not survive until adulthood. It's happening right now, and it won't exist later. It allows the district courts some flexibility to preserve those claims and do what truly is in the best interest of the child. How would we know if someone like a sole shareholder then said, based on this authority, I'd like to argue on behalf of corporations? I think the key difference there, Your Honor, is as Ms. Raskin said a moment ago, in society, we trust parents to make decisions that are in the best interest of their children in every aspect of society. And so, a sole shareholder is one thing, but a parent that has an obligation morally, legally, etc., to that child, the bonds between parent and child are going to naturally lend themselves to the parent doing what they believe is in the best interest. And so I think there's the difference there. That sounds awfully close to what we do with guardianships. I was a district judge for many years, a long time ago, but there we would see a conflict between the parent and the child in economic terms. A division of a settlement, etc., etc., and we did not operate on the assumption that the parent would operate necessarily in the best interest of the child. We appointed lawyers for that. Sometimes they involved significant amounts of money themselves, and they had other financial advisors, etc., but the court always had the responsibility of being sure that it was in the best interest of the child. But it has to say, it's the focus the same as yours. What's the best interest of the child? So I assume that we could take out situations in which there's a potential conflict between parent and child that the judge sees. You would accept that as a threshold quality, I guess. Absolutely, Your Honor. In my mind, the district court would retain the ability to decide in its discretion what is in the best interest. And that may vary case by case. And the second one would be just a slight variation of that or an add-on to that. It's where it's not necessarily an immediate economic conflict, but as you suggested, it is a matter of sufficient complexity that a lawyer is needed, although the parent does not want a lawyer. In other words, the judge retains an independent judgment to say, I think it's in the best interest of the child that you have a lawyer. This matter is tricky. And that seems to lie behind the Social Security exception or agreement of that. Does that make sense? It does, Your Honor. In my mind, the Social Security exception that this court carved out, a lot of the factors that this court uses for that exception would apply to a lot of other cases. But at the end of the day, even as you point out, Judge Higginbotham, even in Social Security cases, the district court can say, no, I'm not going to let the parent proceed pro se because I don't think they're competent enough or they retain the discretion to not let them proceed pro se. Thank you, Counsel. You have reserved time. Mr. Lopez. And you have five extra minutes. Thank you. May it please the Court, Opposing Counsel, Mr. Raskin, members of the audience, thank you. I'm going to do away with almost all my prepared remarks because I've seen where the panel is coming from. Oh, don't ever try to discern. We're just probing right now because it's   We're just probing right now because it's an interesting area of law. We do, if you know where we're coming from. I stand very corrected. But I would like to, I'll say this way, I'll shuffle my remarks, to move to the front one of the issues I was going to bring up, and it's one that Judge Higginson just talked about, which is the Section 1654 overlay. Because I am quite troubled. The panel probably doesn't know this. I used to be a state district court judge decades ago. So I do have a little experience in the concept of judges staying in our lanes versus letting the legislature decide, and what do we do when we see a statute that we think is silly, or that we think is I've had many litigants in my court say, well, Judge, that statute's silly, it's terrible. And I say, you know, I agree with you, and someday I'll run for the House of Representatives and I may do something about it. But while I'm wearing a robe, I'm going to follow a clear precedent, right? 1654, and you asked for it verbatim, so let me give that to you. A party may plead and conduct their own case and the case of their minor child, well, that was my point, without counsel. And my point was, I really, of course I'm not going to tell the panel what to do, I wouldn't be so presumptuous, but I do think that there's some concern that those seven magic words could have easily been added to the statute if Congress wants to, right? The party may plead and conduct their own case and the case of their minor child without counsel. Is your view that Ms. Raskin's children can personally appear under 1654? Certainly while they're still minors. As a practical matter, under State law, while they're still minors, they cannot appear for themselves. Because you say twice in your brief that they have the same 1654 rights as any other litigant. Right. And what does that mean exactly? Well, it's interesting, right? It's an empty right, totally vacuous. Could be a bit of a legal fiction in the sense that under State law, we don't let them exercise the decision. We would never take a 14-year-old, I would never bring my 14-year-old here and ask him to decide in any given case, whether it be a 1983 case or any other kind of case, do you want to prosecute your own case or do you think you need a lawyer, right? We would never let a 14-year-old make that. Can you talk up just a little bit? Yes. We would never let a 14-year-old make that choice. And so, and I think there's some good policy reasons behind that. Well, there's also some statutory reasons behind it. And since you were a State district judge, I'm hoping you can help me with this. So I'm looking at a provision of the Texas Family Code 151.001A7 that says that the parent has the right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child. So does 151.001A7, does that mean that the 14-year-old could appear by virtue of their parent in State court? I would say to you that as a procedural matter, the answer is no. And I actually found a State case among all the Federal cases we were talking about, that actually says that, for example, Judge Higginbotham asked about what if we appointed a guardian ad litem or a next friend under Rule 44, which is the State rule, similar to Rule 17 in the Federal side. And what I found, to my surprise, was a case brought on point from Amarillo that said, just because you can be a next friend, or just because you can initiate suit, in other words, the family code provision you're talking about, and others, including one that Ms. Raskin cited, talk about who can initiate suit. They're talking about who has the standing to bring the suit. And there's a list of 15 people or categories, including protective services, adoption agencies, kind of a strange list in the statute that say you can bring suit in the name of the child. And what the Texas State court says is bringing suit, initiating the suit, being the right person to start it, is different than litigating the suit. Counsel, respectively, can you help me with the text of the statute that I'm asking you to address? It says the right to represent the child in legal action. Not my words, Texas legislature's words. Are you telling me that Ms. Raskin, if this case was in State court, would not quote, have the right to represent the child in legal action? Is your position the exact opposite of the text of 151.001A7? Yes, Judge. I have found cases that indicate that the family code provisions that on their face seem to empower that, the exact scenario you mentioned, do not. If the parent is not a lawyer, it does not give them a license to practice law, even in the case of their own child's case. That authority, I assume, isn't in the brief. Could you just give us their citation? I have it here briefly somewhere. I actually took it out because it was a State case, and I apologize. It was a Texas App. Amarillo 1997 case. I don't I want to say MIMS, but I don't have the cite with me, Judge. But if we can find this case that we don't know about, but if we can find this case, it's going to say that a parent does not have the right to represent their child in  it does, and that the appointment, the specific scenario is that the parent the scenario of that case was an appointment as either an ex-friend or guardian ad litem under Rule 44 in Texas, which is a common procedure any time that they believe that there may be a conflict, et cetera. And it said, look, just because you've been appointed as an ex-friend, which under the theory that you can bring suit, that doesn't mean you can litigate the suit as a lawyer. You cannot maintain the suit and practice law. It seems a little counterintuitive, because if you can choose not to bring the case... It does seem a little counterintuitive, I will admit. And I'm sorry, it's an ex-friend, not a parent? Well, in that case, they were talking about a parent. A parent appointed as an ex-friend? Absolutely, yeah. And cannot represent the child? Cannot. Either as a parent or as an ex-friend? They can as an ex-friend, but the ex-friend representation does not involve litigating the case in court. It's the difference... As authority to initiate. It's the difference between initiating versus maintaining. And that's why, if you look at Section 16... And it may seem a little strange, even, but if you look at Section 1654, which is the Judiciary Act, it talks about plead and conduct the case without counsel. There is, I think, a difference between... We're going to say, here are some people that can actually be named parties in the case, and they can initiate it, but that doesn't mean they can file a motion for summary judgment or do the things that lawyers do. Let me step back. What's the rule you're asking us, do you approve of the Brightline rule, no, counsel mandate, or is there actually not that much space between you and the amicus position, that there's discretion? At the risk of being mistaken, my sense from the questions of the panels was that there tends to be... That the decision you believe you have before you today is not whether to allow... Of course, it's whether or not to allow Ms. Raskin to proceed in this case, but it's going to be in the context of adopting a more beyond this case, and so I think that my position, or my client's position... The crossword inflexible rule would really disown the basic premise of all of this, is that, and where I think everybody is, to what's in the best interest of the children, and most often, the children are best off with the parents, of course. So these are unusual situations, and we want to at least have a system that provides for the unusual situation. At least to me, I'm comfortable in putting it in the hands of the United States District Court judges and magistrates that decision, provided we give them guidance itself, and make clear that it's not a ban one way or the other. A ban either way or the other seems to me is not in the interest of the child. And that could be... So, to answer your question, Judge, and to answer Judge Higginson's question, as a fallback position... Well, start with your primary position and your best authority, and then give us your read of our panel and whatever fallback you want to suggest. So my primary position would be... You mean an alternative rather than a fallback, I guess. Yes, my... Absolutely. My primary position would be that in deciding whether to have a test, if the answer is either the switch is on or off, we're either going to allow this, we're going to say that 1654 simply doesn't allow it, we're going to say that the, what I'm going to call the social security factors or the social security exemption factors are not present in other types of cases. That's clear. To me, I think that's very clear. When you look at the very first case you all cited... Yeah, I'm just going to discipline you a little. What is your client's or your proposed rule? Rather than giving us an array of rules, what is the rule you think has the best authority to support it? Textually? Case law? We think, okay, we think that, and I don't like to do this, but we think that the court should very much at least question its own authority to make what we think are legislative changes. There's an entire 53-page chapter in the government code, chapter 81, about how the state bar and, frankly, the Texas Supreme Court regulate who is allowed to practice law in a court in Texas, for example. The 1654 tells us who can practice law, and so I say that... But 1654, the backdrop is a long historical backdrop in favor of pro se representation. So where is the language, even in that sentence you read, that speaks to any of this? In other words, why isn't it true we wouldn't look to state law, family code, to see if one's own cases might, in the context of parent and children, embrace the children's? And I would agree with you that if the panel determines that the family code section, for example, that Judge Altman talked about, empowers this, then by all means I would say you have your answer. So you do agree that 1654 in defining own cases refers to state law to decide what categories of people, how expansive is their ownership of various cases? So the four words that I left out when I quoted it verbatim, the statute actually starts with the phrase, in United States courts, parties may plead and conduct their own case with or without counsel. So candidly, I'm not sure I know the answer to your question, whether it was federal or state with 1654. What I would say, and I'm going to get this question about inclusio unus exclusio alterius. I disagree that with Mr. Stafford's position that the counsel mandate somehow upends the judiciary act. I don't think so. I think you're being asked. The act of the legislature, so sometimes we get the federal side as a legislative rule, it's not a judicially imposed rule. Well, and I may be putting too much stock in it, but oftentimes when I'm sitting here deciding about when I used to be a judge and sitting here deciding about how far to go and am I staying in my lane, I was always very what's the word I'm looking for? It always impacted me a lot when I would say, well, look, if the legislature wanted to, all they had to do was do X. It's really uncomfortable for you because you're arguing that we just ignore, straight up ignore A7 in 151.01 of the text. So you can say all you want about the text of 1654, but you're also telling us to look at Texas state law, and I can understand why. Because this is, at the end of the day, a 1983 lawsuit, and you would face a really, you wouldn't talk about the hurdles you have today. Imagine the hurdles you would be facing if you came into a federal court and you said, no, I want you to apply different procedural rules to 1983 suits in state courts and federal courts. That would be a dead-bang loser. So I understand why you're going back to state law at the end of the day over and over again, but while you're telling us about not being a legislature and interpreting the text of the statute, you're also telling us that as to 151.001A7 of the Texas Family Code, just ignore it. It says she can represent her children, but it doesn't actually mean that. I wish I could cite that case for you more clearly. Can I cite one to you? Because this is from the Texas Supreme Court, In re Bridgestone, America's Tire Operations. This is 2005. Texas Supreme Court. This is not Amarillo. This is not Pet Refused. This is the Supreme Court of Texas. And I quote, Under Texas law, a parent has the right to represent his, my brackets, or her child in legal proceedings in the duty to manage the child's estate unless a guardian of the state has been appointed. What is the citation for that? Texas Family Code, section 151.001A7. A parent thus typically qualifies as a legal guardian for purposes of Rule 44, right? The same rule that you were just telling us about. And his or her minor child may not sue by next friend. The reason, of course, is because the parent can sue. So I don't understand what we do. I mean, the Texas Supreme Court, I think, has been clear. The text of 151.001A7 is clear. And if you agree that state law is the touchstone for determining whether and to what extent Ms. Raskin has the right to represent her children in court, isn't that the answer? That's a great question, Judge. And I wasn't aware of the Bridgestone case that you talked about. I would certainly want to look at it, of course shepherdize it, you know, carefully and see if the holding really means that once you look at the context like we do with any other case, certainly. And if you've done that already, I'll take your word for it. I'm not trying to argue with you about that. So I would have to look at that and just see if that says, if there's a legislative or even a Texas Supreme Court pronouncement that simply says, we're going to have a carve-out and we're going to use a family code provision to say... What was the basis of jurisdiction in the court below? What was the basis of federal jurisdiction in the court below? Well, the original complaint contained federal question... It was a federal question. Federal constitutional, 5th and 14th Amendment. It was not a diversity case. No, it was a pretty standard due process violation. Normally the federal rules control who practices in the federal courts, not state law. I mean, I would say that, if I may shift a little bit, the issue that... And Mr. Stafford, I think, in his defense, has an uphill battle with this particular case, because I don't really think... And the court may not... This may not be what causes anxiety to the court. You may be thinking more globally, as Judge Oldham's questions indicate. But this is kind of a particularly bad poster child vehicle. Let me turn back to another question. As you proposed it, applying your metric and taking into account some of our questions and concerns, how would you apply it in this case? Well, so... The district court didn't go through this process. Put that to one side. My question, how would you apply it in this case? And I'm still subject to going back and looking at the case Judge Oldham mentioned, because I think it's a valid point. And when I'm stumped, I have to admit it. But I was going to say, I think this is a particularly bad example of a case where you would say, no, just let the well-meaning parent go ahead and move forward. I mean, we've really seen some... And I want to be respectful to Ms. Raskin, because I think she's a fine person. I think she's... I don't know her, but she seems like a perfectly fine person, and I'm sure she's a great mom. And I sensed some sincerity from her here when she sat here and told you all that she legitimately, sincerely thinks that that's what's best for her children. I think she's wrong. I think the record in this case, in this case, without being unduly disrespectful to her or unnecessarily disrespectful, shows that she's made some very sort of classic pro se mistakes that could be costly, and that as much as she believes that she knows enough to do this, she's in that very dangerous of positions. Sometimes we tell our youngest lawyers in our firms the same thing, which is, not only do you not know stuff, you don't know that you don't know it. And so that's kind of a recipe for disaster. She's a procedural error already. She's obviously very right. Several. And again, not blaming her. But wouldn't Rule 17C equally allow a judge to appoint standby counsel? So if 1654's default is pro se, then when it gets too complex... One overlay that I just won't, I would concede or I certainly wouldn't argue with you about is even when you're talking about sort of the judicial lane, courts, I think, take a very dim view, if you will, of being told who can practice in their courts and who can't. I do think there's... It hasn't been that long since I was a judge. I mean, you know, we do have sort of an inherent power, perhaps, to decide who appears in our courts or not. And so I don't want to overstate that. I do believe that if the district court were to decide that this is a case that's a candidate for appointment, that they could, would, and sometimes do. And if the district court did that, then that's what would happen. Much like Amicus. He was appointed and he's welcome to appear. While we're talking about district courts and policing who practices, imagine this case gets litigated differently. And in fact, Ms. Raskin gets an attorney, perhaps because of financial constraints or whatever, not the best attorney. She can't afford you or your firm. She's doing the best she can. And she has to have an attorney, so she gets one. And that attorney, as we know, we see attorneys make mistakes all the time. I mean, it's procedural, substantive. Mistakes are not limited to pro se litigants. In fact, it's hardly a case, a sitting that goes by where we can sit in New Orleans for a week and not have some case missed on the limitations ground or whatever. Is your theory that if she had an attorney and that attorney made a mistake that in the best interest of the child, the court could just overlook whatever mistakes the attorney had made? Two things. One, I agree with you. I often tell lawyers that I didn't realize just how many attorneys are out there making mistakes until I became a judge and saw them parade in and out, in and out. Yes, Judge. But that said, I do think if we're talking a little bit of a crystal ball situation of, generally speaking, do we believe that the interests of those minors are going to be best served by even a hard and fast rule that says you are better off with an attorney. The rest is just details. I think if you look at this as an on-off switch, I think it's very clear. If there's no middle ground, if the alternative is we're either going to enforce this rule and we're going to say that you have to go get an attorney. If not, wait until you're 18 and come back and see us. Okay? Because that is an option. In this case, I would say, if you notice that she said that the DISD mask mandate might institute it again, the reason it's not in the record and it should be, is our brief was filed February 17th. On February 18th, literally the next day, DISD dropped the mask mandate. What do you do when you have a lawyer file a case on behalf of a child and the judge quickly finds out this guy is incompetent? That doesn't happen frequently, but believe me, it happens. His obligation is, as we articulate this, is the best interest of the child. Right? It used to be an awkward situation because normally you don't put a headlight on when they got a lawyer. But the judge can't do that, I suppose. I would say that's an easier question. That is an alarming and regrettable situation that I never found myself in, but I will say that had I found myself in that situation, I would have not hesitated to say, you cannot practice. I did have one, actually, where I had an impaired lawyer and I had to call the state bar, confidentially, and do all that. And that person, I said, if you cannot function properly, whether it be malpractice because they're just bad or because they were impaired, there's no question that the state and federal judges, I believe, are empowered to take action there. Resting on this obligation to the child, it should operate both ways. A competent lawyer versus a parent that's not officially schooled. It absolutely should, Judge. The one thing we all agree on is that we're trying to figure out what's in the best interest of the children, and there's a little bit of disagreement perhaps about how we get there. I'm not even sure I'm on that page because I don't see that in any of these statutes. Ms. Raskin is the mother of the children, and so I don't see where the best interest of the child comes up, as you remember from state practice. I live in Texas. I've been through this myself. I understand the way some of these provisions work, and that phrase does in fact appear in multiple provisions of the Family Code and elsewhere, but it doesn't appear here. I'm looking at and I do have one. I don't know how similar it is to the exact one you're talking about, Judge, but it was let me see how close we are. There's 102-003, which is it might not be as specific as the site you're talking about, but it says an original suit may be filed at any time by the parent of the child, like many who likely and so that provision has been mistakenly used by people who think okay, now that authorizes you to maintain suit or to prosecute going forward, so that's a little bit different perhaps than the site you made, but I just believe that in the case that I remember seeing, which was not a Supreme Court case admittedly, said the Supreme Court even is not empowered to, it's the legislature that even tells, for example, the exceptions in 81-102 about who can practice law, that you can't practice law without a license, and there's exceptions we all know about, Pro Hoc Vitae, but there's also the third year law student exception where if they're being, if the lawyer's sitting in the back monitoring, they can do that. Supreme Court's empowered, the Supreme Court of Texas is empowered to do that because the legislature in 81-102 said you can't practice law without a license, but we're going to authorize the Supreme, enable the Supreme Court to make some exceptions for the following, and the legislature actually said here's the exceptions. Time's getting a little over. I do want you to get back to the fallback alternative argument that you mentioned, but then we took you a different direction. Well, so the fallback would be that if you decide to adopt a case-by-case test, if we decide to task the district courts with coming up with some level of test and criteria, that gives me a lot of heartburn because I don't know how we would, as the circuit court who's giving guidance, I don't really know how exactly we would do that. I mean, one of the biggest problems And yet that's the consensus of circuit courts out there, pretty much, the second and the tenth, they've softened their position. Well, but only with a very different reason with the Social Security cases. Those factors that, for example, the Harris case that is in the court's appointment order of amicus, very clearly says, look, Second Circuit did it because of these five factors, which you know they are, and those aren't here. You had a legislative CFR that said the parent can do it at the administrative level, so they were at the administrative level.  like you're in court when the court review is limited to review of the administrative record. So there was a lot of good policy reasons that were very specific to the SSI scenario that not one of which is present here in this case, in this particular case, and often isn't present in any other cases besides the Social Security context. And so there are, I can envision perhaps if we can find certain scenarios, we could say there are going to be certain cases like the Social Security exception, but this case isn't one of them, and I don't think generally, I don't know how to articulate which ones are, because the biggest factor that the courts keep coming back to is we're going to protect the children. The best interests of the children are best protected by having an attorney, even more so than a well-intentioned parent who's legally untrained. Now, we either accept that premise or we don't, and that's fine. I can't tell the court how to... Why don't you wrap it up? We did give extra time. So Judge, that's what I wanted to say, is if you look at the mistakes that were made here by Ms. Raskin, and I'm trying to be charitable, but you'll see them, and they're there, and frankly, she's highly educated, she's got some advantages that the next litigant may not have. You made this point already, so I'm happy with this. Okay, thank you, Counsel. Does Ms. Raskin have rebuttal time? You have a few words to say? Come on up. May it please the Court, I'm not sure what procedural mistakes I've made, so I apologize for any that I have made. But what I do understand is that pro se representatives of anything are allowed or afforded some leniency in court, and so I guess my question for the Court is does that apply when you're fighting for the most important thing in your lives? I mean, that's really the question I have for you, is if it's okay for an attorney to make a mistake, and it's okay for a pro se person to make even more mistakes, if their intent is always pure and good to do what's right for their child, why should they not be able to do that? The argument you might make is that you are speaking for yourself when you speak for your child. That's absolutely true. Absolutely true. Yes, I think those are, I think, my biggest thoughts about Thank you for your time. No, that's it. Thank you. I'll be very brief. I only have a couple of things. I would say, Judge Oldham, to your point, besides the Family Code, actually, Texas Rule of Civil Procedure 44, which deals with guardians ad litem and guardians, not only gives the guardian or the guardian ad litem the right to bring the case, it allows them to settle it or compromise it. They can make substantive decisions under Texas law about the case just as a guardian. That's one. The other is that Alice ISD's suggestion that, well, we don't know what types of cases this would apply to. Well, part of the problem is you have district courts who are automatically dismissing the claims, and so if the district courts are empowered to at least have a hearing and make some findings, I think you're going to, you can have a fairly general list of factors, the same type that we look at in the social security cases, to give the district courts some guidance and then trust the district courts to do what is in the best interest under Rule 17C to ensure that the children are protected, whether that is allowing the parent to proceed pro se or appointing a magistrate or finding an appointed... Does that require any amendment to the federal rule? I'm sorry, Your Honor? Does that require any amendment to 17C or... No, Your Honor. In fact, at this point, I think district courts, I mean, if you look at Rule 17C, it says the district court's supposed to enter an appropriate order to protect the interest of unrepresented minors, but with the council mandate, there's only one order they can issue. The only thing they can do without being appealed is going to be dismiss the case. Where does the Second Circuit stand now? The Second Circuit is the same as this circuit in that they still allow the social security exceptions to minors they have not carved out any additional exceptions, other than you will see, as we point out in the brief, some ad hoc exceptions, so the Fourth Circuit in the Myers case, the Seventh Circuit in the Illustra case, there are times when applying the mandate would automatically mean dismissing the claim and it going away, and when that happens, the circuit courts will say, well, in this case, we're not going to apply the council mandate, literally, because it would defeat the purpose. But when you apply these sorts of ad hoc exceptions, which I think, quite frankly, if you go look at them, the court's making the right call. Apologies. But when you have ad hoc exceptions, there's no guidance for the district courts at all as to when they should apply an exception. And so there's no guidance for district courts or litigants for that matter. Well, thank you very much, all of you, for coming and for assisting the court. The case is submitted and that is our only case for the day.